## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## Civil Action No.:  5:19-cv-478-D

| | |
|---|---|
| MATTHEW HODGE, DAVID HOLBROOK, PHILIP KAY, JACOB FRANCKOWIAK, BROOKS DICKERSON and RALPH BROWN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY and DIVISION OF ADULT CORRECTION AND JUVENILE JUSTICE,<br><br>        Defendants. | **DEFENDANTS' ANSWER** |

## ANSWER AND FIRST DEFENSE

Defendants North Carolina Department of Public Safety ("DPS") and Division of Adult Correction and Juvenile Justice ("DAC") answer the correspondingly numbered paragraphs of the Complaint as follows:

1.      Defendants deny that the relevant time period is from three years before the date of filing of the Complaint through the present day.  The remaining allegations of paragraph 1 are conclusions that require no response.

2.      Defendants admit that Plaintiffs were or are non-exempt, hourly-paid employees of DPS working as Correctional Officers at DPS facilities in North Carolina.  Defendants deny the allegation of paragraph 2 except as expressly admitted.

3.      Defendants admit that the Fair Labor Standards Act ("FLSA") speaks for itself as

to its terms and that the Complaint asserts claims by Plaintiffs individually and on behalf of allegedly similarly situated current and former Correctional Officers employed by Defendants. Defendants deny the allegations of paragraph 3 except as expressly admitted. Defendants expressly deny that Plaintiffs or other similarly situated Correctional Officers are owed unpaid wages.

4. Defendants admit that the Plaintiffs are or were paid pursuant to Section 7(k) of the FLSA, which allows payment of overtime to "any employee in law enforcement activities (including security personnel in correctional institutions)" based on a 28-day work period, rather than a traditional 40-hour work week, as provided under 29 U.S.C. § 207(k), and that such employees may be eligible for overtime pay (or compensatory time) at the rate of one and one-half times their regular rates of pay for hours worked over 171 hours in a 28-day period. Defendants deny the allegations of paragraph 4 except as expressly admitted.

5. Defendants admit that Plaintiffs were paid and are to be paid compensation for all straight-time hours worked, including gap hours, and certain policies are set forth in the State Human Resources Manual, DPS Policy & Procedures, and DPS New Employee Manual. Defendants deny the allegations of paragraph 5 except as expressly admitted.

6. Defendants deny the allegations of paragraph 6.

7. Defendants deny the allegations of paragraph 7.

8. Defendants deny the allegations of paragraph 8. Defendants expressly deny that Plaintiffs engaged in pre- or post-shift work.

9. Defendants admit the allegations of paragraph 9.

10. Defendants admit that 28 U.S.C. § 1367(a) provides for supplemental jurisdiction over state law claims. Defendants deny the existence of colorable claims under state law as alleged

2

by Plaintiffs and therefore deny the remaining allegations of paragraph 10.

11.     Defendants admit the allegations of paragraph 11.

12.     Defendants admit that venue is proper in this district pursuant to 28 U.S.C. § 1391(b).  Defendants deny the allegations of paragraph 12 except as expressly admitted.

13.     Defendants admit that Matthew Hodge ("Hodge") was employed by DPS as a Correctional Officer I from May 23, 2016 until June 21, 2019, and that during this period he worked for DPS primarily at Rutherford Correctional Center in Spindale, NC, and also on occasion at Swannanoa Correctional Center for Women in Black Mountain, NC and Alexander Correctional Institution in Taylorsville, NC.  Defendants admit that Plaintiffs have attached a consent purportedly executed by Hodge as Exhibit A-1 to the Complaint.  Defendants lack sufficient knowledge or information to determine the truth or falsity of the remaining allegations of paragraph 13 and therefore deny those allegations.

14.     Defendants admit that David Holbrook ("Holbrook") has been employed by DPS since April 30, 2007, that he has held the position of Correctional Sergeant I since January 1, 2016, and that during his employment he has worked for DPS primarily at Rutherford Correctional Center in Spindale, NC, and has also worked on occasion at Swannanoa Correctional Center for Women in Black Mountain, NC and Alexander Correctional Institution in Taylorsville, NC. Defendants admit that Plaintiffs have attached a written consent purportedly executed by Holbrook as Exhibit A-2 to the Complaint.  Defendants deny that Holbrook has been employed as a Corrections Sergeant since 2007.  Defendants lack sufficient knowledge or information to determine the truth or falsity of the remaining allegations of paragraph 14 and therefore deny those allegations.

15.     Defendants admit that Philip Kay ("Kay") has been employed by DPS since March

11, 2013, that he has held the position of Correctional Officer II since September 1, 2016, and that he has worked at Craggy Correctional Center in Asheville, NC. Defendants further admit that Plaintiffs have attached a consent purportedly executed by Kay as Exhibit A-3 to the Complaint. Defendants deny that Kay has been employed as a Corrections Officer II since March 2013. Defendants lack sufficient knowledge or information to determine the truth or falsity of the remaining allegations of paragraph 15 and therefore deny those allegations.

16.      Defendants admit that Jacob Franckowiak ("Franckowiak") has been employed by DPS as a Correctional Officer since September 10, 2012 and that during his employment has worked at Avery-Mitchell Correctional Institution in Spruce Pine, NC. Defendants admit that Plaintiffs have attached a consent purportedly executed by Franckowiak as Exhibit A-4 to the Complaint. Defendants lack sufficient knowledge or information to determine the truth or falsity of the remaining allegations of paragraph 16 and therefore deny those allegations.

17.      Defendants admit that Brooks Dickerson ("Dickerson") has been employed by DPS since August 9, 2007 and that he has served as a Correctional Officer II since September 1, 2016 at Columbus Correctional Institution in Whiteville, NC. Defendants admit that Plaintiffs have attached a consent purportedly executed by Dickerson as Exhibit A-5 to the Complaint. Defendants deny that Dickerson has been employed by DPS as a Corrections Officer II since in or around 2007. Defendants lack sufficient knowledge or information to determine the truth or falsity of the remaining allegations of paragraph 17 and therefore deny those allegations.

18.      Defendants admit that Ralph Brown ("Brown") was employed by DPS as a Correctional Officer from April 19, 2010 until June 24, 2017 and that during his employment he worked at Alexander Correctional Institution in Taylorsville, NC. Defendants admit that Plaintiffs have attached a consent purportedly executed by Brown as Exhibit A-6 to the Complaint.

12731022v3

Defendants lack sufficient knowledge or information to determine the truth or falsity of the remaining allegations of paragraph 18 and therefore deny those allegations.

19. The allegations of paragraph 19 contain a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations of paragraph 19.

20. Defendants admit that DPS is a department of the State of North Carolina, established and subject to North Carolina general statutes as set forth in N.C. Gen. Stat. §§ 143B-600 *et seq*. Defendants admit that Defendants operate correctional facilities in the State of North Carolina where Plaintiffs work or have worked. Defendants deny the allegations of paragraph 20 except as expressly admitted. Defendants expressly deny the existence of a class as alleged in this action.

21. Defendants admit that DPS is a public agency and an employer and that those terms are defined in Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendants deny the allegations of paragraph 21 except as expressly admitted.

22. Defendants admit that DPS has engaged in an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). Defendants deny the allegations of paragraph 22 except as expressly admitted.

23. Defendants admit that DPS has been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Defendants deny the allegations of paragraph 23 except as expressly admitted.

24. Defendants admit that DAC is a division of DPS which is established and subject to N.C. Gen. State. §§ 143B-630 *et seq*. and that the publications referenced in paragraph 24 speak for themselves as to their terms. Defendants deny the allegations of paragraph 24 except as expressly admitted.

12731022v3

25.      Defendants deny the allegations of paragraph 25.

26.      Defendants deny the allegations of paragraph 26.

27.      Defendants deny the allegations of paragraph 27.

28.      Defendants admit that North Carolina's general statutes, including N.C. Gen. Stat. §§ 143B-600 *et seq.*, speak for themselves as to their terms. Defendants deny the allegations of paragraph 28 except as expressly admitted.

29.      Defendants admit that they have operated 55 correctional institutions in the State of North Carolina, at which they employ or have employed Correctional Officers, including Plaintiffs. Defendants deny the allegations of paragraph 29 except as expressly admitted.

30.      Defendants admit the allegations of paragraph 30.

31.      Defendants admit that Plaintiffs have been employed as Correctional Officers at various correctional facilities operated by Defendants in the State of North Carolina. Defendants deny the allegations of paragraph 31 except as expressly admitted.

32.      Defendants admit that Plaintiffs have been subject to certain policies and practices related to their compensation, recording of their hours worked, and compensatory time, and that Plaintiffs are to be paid for hours worked within the meaning of applicable federal and state law. Defendants deny the allegations of paragraph 32 except as expressly admitted. Defendants expressly deny that Plaintiffs have been required to engage in pre- or post-shift work.

33.      Defendants admit that Plaintiffs have been subject to certain policies that generally are in effect in the DAC or DPS. Defendants deny the allegations of paragraph 33 except as expressly admitted.

34.      Defendants admit that Plaintiffs have been subject to the State Human Resources Manual, including Section 4, Salary Administration, that Plaintiffs were or are security personnel

in correctional institutions, and that the State Human Resources Manual speaks for itself as to its terms. Defendants deny the allegations of paragraph of 34 except as expressly admitted.

35.     Defendants admit that Plaintiffs have been paid in compliance with Section 7(k) of the FLSA, that their work periods have comprised 28 consecutive days, and that Section 7(k), 29 U.S.C. § 207(k), the State Human Resources Manual, Salary Administration, Section 4, p. 72, speak for themselves as to their terms. Defendants deny the allegations of paragraph 35 except as expressly admitted.

36.     Defendants admit that pursuant to the FLSA, Plaintiffs generally would be entitled to overtime compensation at the rate of one and one-half times the regular hourly rate at which they are employed for hours worked that, in the aggregate, exceed 171 hours in a 28-day period, and that in the alternative, pursuant to the FLSA, DPS may provide Plaintiffs with compensatory time in lieu of cash payments for such overtime hours. Defendants deny the allegations of paragraph 36, including the allegations of footnote 4, except as expressly admitted. Defendants expressly deny that they have not paid Plaintiffs all cash overtime or compensatory time that is due and owing.

37.     Defendants admit that the hours between 160 hours and 171 hours are known as "gap hours," that Plaintiffs at all times were paid for those hours at their regular hourly rate of pay, and that Plaintiffs who worked in excess of 171 hours in a 28-day period were paid for those excess hours at the overtime rate. Defendants deny the allegations of paragraph 37 except as expressly admitted.

38.     Defendants admit that Section 4 of the State Human Resources Manual contain certain provisions relating to Law Enforcement Activities, and that those provisions speak for

7

themselves as to their terms. Defendants deny the allegations of paragraph 38 except as expressly admitted.

39. Defendants admit that the provision quoted in paragraph 39 from the State Human Resources Manual, Salary Administration, Section 4, pp. 74-75, speaks for itself as to its terms. Defendants deny the allegations of paragraph 39 except as expressly admitted. Defendants specifically deny that the quoted provision applies to Correctional Officers.

40. Defendants deny the allegations of paragraph 40.

41. Defendants admit that they have paid Plaintiffs for all hours worked up to 171 hours at their straight time rate of pay or as compensatory time, subject to offsetting. Defendants deny the allegations of paragraph 41 except as expressly admitted.

42. Defendants admit that Plaintiffs generally have been subject to the DPS New Employee Manual "for guidance and reference purposes only" and that the current version of the New Employee Manual was published in 2017. Defendants deny the allegations of paragraph 42 except as expressly admitted.

43. Defendants admit that the DPS New Employee Manual speaks for itself as to its terms.

44. Defendants deny the allegations of paragraph 44.

45. Defendants admit that Plaintiffs are and were paid for all time worked beyond their scheduled shift. Defendants deny the allegations of paragraph 45 and footnote 5 except as expressly admitted.

46. Defendants deny the allegations of paragraph 46. Defendants expressly deny that Plaintiffs are required to engage in off-the-clock work or that they are not paid for all work.

47. Defendants deny the allegations of paragraph 47.

12731022v3

48.     Defendants admit that DPS Policy & Procedures Ch. F, § .1601(a) speaks for itself as to its terms.  Defendants deny the allegations of paragraph 48 except as expressly admitted.

49.     Defendants admit that DPS Policy & Procedures Ch. F., § .1605(a) speaks for itself as to its terms.

50.     Defendants admit that DPS Policy & Procedures Ch. F, § .1604(f) speaks for itself as to its terms.  Defendants deny the allegations of paragraph 50 except as expressly admitted.

51.     Defendants admit that DPS Policy & Procedures Ch. F, § .1605(b) speaks for itself as to its terms.  Defendants deny the allegations of paragraph 51 except as expressly admitted

52.     Defendants deny the allegations of paragraph 52.

53.     Defendants admit that Plaintiffs are or were required to attend a shift briefing and that DPS Policy & Procedures Ch. F, § .1604(o) speaks for itself as to its terms. Defendants deny the allegations of paragraph 53 except as expressly admitted.  Defendants expressly deny that Plaintiffs engaged in pre-shift work.

54.     Defendants admit that Plaintiffs are or were generally required to wait at their post until a relieving officer arrives.  Defendants deny the allegations of paragraph 54 except as expressly admitted.  Defendants expressly deny that Plaintiffs are required to perform work while no longer on-the-clock.

55.     Defendants admit that DPS Policy & Procedures Ch. F, § .1605(p) speaks for itself as to its terms.  Defendants deny the allegations of paragraph 55 except as expressly admitted. Defendants expressly deny that Plaintiffs have engaged in pre- or post-shift work.

56.     Defendants deny the allegations of paragraph 56.

57.     Defendants admit that DPS Policy & Procedures Ch. F, § .2401 speaks for itself as to its terms.  Defendants deny the allegations of paragraph 57 except as expressly admitted.

9

Defendants expressly deny that Plaintiffs are required to perform pre- or post-shift work without compensation.

58.     Defendants admit that DPS Policy & Procedures Ch. F, §§ .3301 and .3304 speak for themselves as to their terms and that Plaintiffs were and are generally required to abide by those policies. Defendants deny the allegations of paragraph 58 except as expressly admitted.

59.     Defendants admit that DPS Policy & Procedures Ch. F, §§ .3307(b)(b) and .3307(c)(1), (3) speak for themselves as to their terms and that employees at most prison facilities must comply with those provisions to ensure that weapons or other contraband which could be used by prisoners are not brought into the facilities. Defendants deny the allegations of paragraph 59 except as expressly admitted.

60.     Defendants admit that DPS Policy & Procedures Ch. F, § .3307(d)(4)(A) speaks for itself as to its terms and that prison employees will be denied access to a facility and may be disciplined if they refuse to submit to a search. Defendants deny the allegations of paragraph 60 except as expressly admitted.

61.     Defendants admit that DPS Policy & Procedures Ch. F, § .3305(c)(3) speaks for itself as to its terms. Defendants deny the allegations of paragraph 61 except as expressly admitted.

62.     Defendants admit that prison logs are not used for timekeeping purposes. Defendants deny the allegations of paragraph 62 except as expressly admitted.

63.     Defendants deny the allegations of paragraph 63.

64.     Defendants admit that DPS Policy & Procedures Ch. F, §§ .3306(a)(12) and (c) speak for themselves as to their terms and that DPS policy attempts to ensure that safety and security in DPS facilities is maintained. Defendants deny the allegations of paragraph 64 except

as expressly admitted.

65.     Defendants admit that Plaintiffs receive training in areas related to their work, as set forth in DPS Policy & Procedures Ch. A, § .0904(c).  Defendants deny the allegations of paragraph 65 except as expressly admitted.  Defendants expressly deny that Plaintiffs engage in pre- or post-shift work or that they are trained to do so.

66.     Defendants admit that Plaintiffs generally were or are required to clear security and proceed to the area where lineup is held by 5:45.  Defendants deny the allegations of paragraph 66 except expressly admitted.

67.     Defendants deny the allegations of paragraph 67.

68.     Defendants admit that Plaintiffs and other Correctional Officers sometimes work and record more than 171 hours in a 28-day period.  Defendants deny the allegations of paragraph 68 except as expressly admitted.  Defendants expressly deny that Hodge or any other Plaintiff has performed work for which he was not compensated.

69.     Defendants admit that Plaintiffs were expected to arrive at lineup by 5:45 and that they were expected to remain at their post until a relieving officer arrived.  Defendants deny the allegations of paragraph 69 except as expressly admitted.

70.     Defendants deny the allegations of paragraph 70.

71.     Defendants deny the allegations of paragraph 71.  Defendants expressly deny that they did not compensate Plaintiffs for all hours worked.

72.     Defendants deny the allegations of paragraph 72.

73.     Defendants admit that they are aware of the FLSA's overtime requirements and further admit that they have paid Plaintiffs for all straight-time hours worked.  Defendants deny the allegations of paragraph 73 except as expressly admitted.

12731022v3

74.     Defendants deny the allegations of paragraph 74.

75.     Defendants deny the allegations of paragraph 75.

76.     Defendants deny the allegations of paragraph 76.

77.     Defendants deny the allegations of paragraph 77.

78.     The allegations of paragraph 78 constitute conclusions which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 78.

79.     The allegations of paragraph 79 constitute conclusions which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 79.

80.     Defendants admit that Plaintiffs have attached to the Complaint certain documents purporting to be consents to be part of this action. Defendants deny the allegations of paragraph 80 except as expressly admitted.

81.     The allegations of paragraph 81 are conclusions which require no response. To the extent a response is required, Defendants deny that there is a basis for conditional or final certification of this case as a collective or class action.

82.     Defendants deny the allegations of paragraph 82.

83.     Defendants deny the allegations of paragraph 83.

84.     Defendants deny the allegations of paragraph 84.

85.     The allegations of paragraph 85 constitute conclusions which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 85.

86.     The allegations of paragraph 86 constitute conclusions which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 86.

87.     Defendants deny the allegations of paragraph 87.

88.     Defendants deny the allegations of paragraph 88.

12731022v3

89.     Defendants deny the allegations of paragraph 89.

90.     Defendants deny the allegations of paragraph 90.

91.     Defendants admit that Plaintiffs are or were paid pursuant to Section 7(k) of the FLSA and that Plaintiffs were required to arrive at lineup by 5:45 and to remain at work until relief arrived.  Defendants deny the allegations of paragraph 91 except as expressly admitted.

92.     Defendants deny the allegations of paragraph 92.

93.     Defendants deny the allegations of paragraph 93.

94.     Defendants deny the allegations of paragraph 94.

95.     Defendants deny the allegations of paragraph 95.

96.     Defendants deny the allegations of paragraph 96.

97.     Defendants deny the allegations of paragraph 97.

98.     Defendants deny the allegations of paragraph 98.

99.     Defendants admit that this action is without merit and is thus unduly burdensome to the judicial system.  Defendants deny the allegations of paragraph 99 except as expressly admitted.

100.    Defendants deny the allegations of paragraph 100.

101.    Defendants deny the allegations of paragraph 101.

102.    Defendants admit that Plaintiffs have alleged certain matters which they claim to be common questions of law and/or fact.  Defendants deny the allegations of paragraph 102, and all sub-parts therein, except as expressly admitted.  Defendants expressly deny that there is a contract between Defendants and Plaintiffs or that Plaintiffs performed work for which they were not paid.

103.    The allegations of paragraph 103 constitute conclusions which require no

12731022v3

response. To the extent a response is required, Defendants deny the allegations of paragraph 103.

104. The allegations of paragraph 104 constitute conclusions which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 104.

105. The allegations of paragraph 105 constitute conclusions which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 105.

106. Defendants reallege and incorporate by reference their responses to paragraph 1 through 77 and 78 through 84 of the Complaint as set forth above.

107. Defendants deny the allegations of paragraph 107.

108. Defendants admit that Section 7(k) of the FLSA speaks for itself as to its terms. Defendants deny the allegations of paragraph 108 except as expressly admitted.

109. Defendants deny the allegations of paragraph 109.

110. Defendants deny the allegations of paragraph 110.

111. Defendants deny the allegations of paragraph 111.

112. Defendants deny the allegations of paragraph 112.

113. Defendants deny the allegations of paragraph 113.

114. Defendants deny the allegations of paragraph 114.

115. Defendants admit that N.C. Gen. Stat. § 143-300.35(a)(1) states that the sovereign immunity of the state is waived for the limited purpose of allowing certain State Employees to maintain lawsuits and satisfy judgments under the FLSA and otherwise speaks for itself.

116. Defendants deny the allegations of paragraph 116.

117. Defendants reallege and incorporate by reference their responses to paragraphs 1 through 77 and 85 through 106 of the Complaint.

118. Defendants admit that the New Employee Manual speaks for itself as to its terms.

12731022v3

Defendants deny the allegations of paragraph 118 except as expressly admitted.

119.    Defendants admit that the New Employee Manual and the State Personnel Policy Manual speak for themselves as to their terms.  Defendants deny the allegation of paragraph 119 except as expressly admitted.

120.    Defendants deny the allegations of paragraph 120.  Defendants expressly deny that Plaintiffs were provided copies of contracts or that they entered into contracts regarding their employment.

121.    Defendants admit that the State Human Resources Manual speaks for itself as to its terms.  Defendants deny the allegations of paragraph 121 except as expressly admitted.

122.    Defendants admit that the New Employee Manual speaks for itself as to its terms. Defendants deny the allegations of paragraph 122 except as expressly admitted.

123.    Defendants deny the allegations of paragraph 123.

124.    Defendants deny the allegations of paragraph 124.

125.    Defendants deny the allegations of paragraph 125.

126.    Defendants deny the allegations of paragraph 126.

## SECOND DEFENSE

Plaintiffs' claims are barred because DPS has paid to Plaintiffs all wages and other compensation owed to them.

## THIRD DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations to the extent that any claimed wages accrued more than two years prior to the filing of this action because Defendants' alleged violations, which are denied, were not willful.

15

## FOURTH DEFENSE

Plaintiffs' claims for liquidated damages are barred because at all times Defendants acted in good faith and had reasonable grounds for believing that their alleged acts or omissions did not violate the FLSA or state law.

## FIFTH DEFENSE

Plaintiffs' claims are barred because the acts or omissions complained of were in good faith conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, or enforcement policy of the Wage and Hour Division of the U.S. Department of Labor.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches and avoidable consequences.

## SEVENTH DEFENSE

Plaintiffs' claims asserting a collective action or class action are barred because Plaintiffs cannot establish that they are similarly situated as to one another or that there are other similarly situated individuals to whom the allegations of this action are applicable. Rather, Plaintiffs may assert only individual claims for relief, which Defendants deny.

## EIGHTH DEFENSE

Plaintiffs' Second Count is barred by sovereign immunity insofar as Plaintiffs cannot offer evidence of either a contract with Defendants or a breach thereof.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray the Court for the following relief:

1.      That the Court deny Plaintiffs' request to designate this case as a collective or class

12731022v3

action;

2.      That the Court dismiss the Complaint with prejudice and that Plaintiffs have and recover nothing from Defendants;

3.      That the Court tax the costs of this action, including reasonable attorneys' fees, against Plaintiffs; and

4.      That the Court award Defendants any other relief deemed just and proper.


This 6th day of January, 2020.


s/ Charles E. Johnson
Charles E. Johnson
N.C. Bar No. 9890
CEJohnson@robinsonbradshaw.com

John R. Wester
N.C. Bar No. 4660
JWester@robinsonbradshaw.com

Andrew R. Wagner
N.C. Bar No. 53649
Awagner@robinsonbradshaw.com

**ROBINSON, BRADSHAW & HINSON, P.A.**
101 N. Tryon St., Ste. 1900
Charlotte, North Carolina  28246
Telephone:    704.377.2536
Facsimile:    704.378.4000


Attorneys for Defendants

17

12731022v3

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2020, I electronically filed the foregoing Defendants'

Answer with the Clerk of Court using the CM/ECF system, which will send e-mail notification to

the following:

Daniel K. Bryson
Patrick M. Wallace
**WHITFIELD BRYSON & MASON, LLP**
900 W. Morgan Street
Raleigh, NC 27603
dan@wbmllp.com
pat@wbmllp.com

Shannon J Carson
Sarah R. Schalman-Bergen
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
scarson@bm.net
sschalman-bergen@bm.net

s/ Charles E. Johnson
Charles E. Johnson