IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:19-cv-478-D

| | |
|---|---|
| MATTHEW HODGE, DAVID HOLBROOK, PHILIP KAY, JACOB FRANCKOWIAK, BROOKS DICKERSON and RALPH BROWN, individually and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY and DIVISION OF ADULT CORRECTION AND JUVENILE JUSTICE,<br><br>**Defendants.** | **CONSENT PROTECTIVE ORDER** |

Upon Defendants' Consent Motion for Entry of a Protective Order, filed June 10, 2020, for good cause shown and by consent of the parties,

IT IS THEREFORE ORDERED:

1.    This Protective Order applies to all disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided or disclosed in the course of this action by any Party (the "Producing Party") to any Party (the "Receiving Party") which may be subject to restrictions on disclosure under this Protective Order (hereinafter referred to as "Material"). Either the "Producing Party" or the "Receiving Party" may designate Material as "Confidential" pursuant this order, and the Party so designating is referred to as the "Designating Party."

2. All Material designated in the course of this action as "Confidential," as that term is defined in Paragraph 5, is to be used only for the purpose of this Litigation, including any appeals, and shall not be used, directly or indirectly, for any other purpose whatsoever, and shall not be disclosed to any person or entity except in accordance with the terms hereof.

3. Nothing in this Protective Order prevents the disclosure of any Material designated "Confidential" to lawyers, paralegals, administrative assistants, accountants and auditors, (collectively "Recipients"), provided the disclosure is reasonably necessary to litigate this action, or for tax, financial reporting, or governmental compliance purposes. Prior to disclosure, the Recipients are to be informed of the confidential nature of the Material and agree to keep such Material confidential.

4. The attorney-client privilege, work product protection, or any other applicable privilege or doctrine is not waived by the inadvertent disclosure of any Material subject to any such privilege or protection, and any such disclosure shall also not constitute a waiver in any other federal or state proceeding. If a Producing Party inadvertently discloses Material subject to such a privilege or protection, the Producing Party shall so notify each Receiving Party, and, unless the Receiving Party disagrees with the designation as privileged or protected, each Receiving Party shall promptly destroy or return the originals and all copies of all such Material, which Material shall remain subject to any applicable privilege or protection as if the Material had not been disclosed. If the Receiving Party notifies the Producing Party that it disagrees with the designation as privileged or protected, either Party may seek an order from the Court to resolve the issue. In such a case, the Receiving Party agrees to treat the Material as subject to the privilege or protection for the greater of: (i) 30 days from the date on which the Receiving Party notifies the Producing

Party of its objection to the designation as privileged or protected, or (ii) until the Court has resolved any motion filed by the Receiving Party.

5. "Confidential" means Material constituting a trade secret or other confidential information, as described in Fed. R. Civ. P. 26(c). For the purposes of this action, "Confidential" Material shall include offender information that is confidential pursuant to N.C. Gen. Stat. § 148-76, personnel information that is confidential pursuant to N.C. Gen. Stat. § 126-24, and institutional security information that is confidential pursuant to N.C. Gen. Stat. § 132-1.7. Such Confidential Material may be disclosed only to Qualified Persons as defined in Paragraph 6 below.

6. With respect to Confidential Material, "Qualified Persons" means:

(a) Judges and personnel of this Court; judges and personnel of any other Court where disclosure is necessary in connection with a motion or other matter relating to the Litigation (including any appeal); and certified court reporters and videographers acting as such;

(b) Counsel of record for the Parties in the Litigation and employees in those law firms whose functions require access to Materials produced pursuant to this Protective Order;

(c) In-house counsel for the Parties who access to Confidential Information is necessary for purposes of the litigation;

(d) Any current director, officer, trustee, principal, manager or employee of a Party, who is not otherwise prohibited by this Protective Order from seeing Confidential Material, whose access to Confidential Material is necessary for purposes of preparation, pretrial discovery, settlement discussions, court proceedings, and trial of this Litigation;

(e) Any former director, officer, trustee, principal, manager or employee of a Party, who is not otherwise prohibited by this Protective Order from seeing Confidential Material, whose access to Confidential Material is necessary for purposes of preparation, pretrial discovery, settlement discussions, court proceedings, and trial of this Litigation, subject to the execution by each such former director, officer, trustee, principal, manager or employee of the Confidentiality Agreement to be bound by the terms of this Protective Order attached hereto as Exhibit A;

(f) Any independent expert or consultant engaged by a Party or any attorney described in Paragraph 7(b) solely to assist in the Litigation, including the expert or consultant's administrative and clerical personnel, subject to the execution by each independent expert or consultant of the Confidentiality Agreement to be bound by the terms of this Protective Order attached hereto as Exhibit A; Clerical or ministerial service providers, including outside copying services or litigation support personnel, retained by a Party's counsel to assist such counsel in connection with this Litigation;

(g) Witnesses who are appearing for deposition or other testimony in this case voluntarily or pursuant to a validly issued subpoena, and potential witnesses and persons with knowledge of relevant facts who are preparing for testimony or who assisted the attorneys preparing the case for trial and/or further investigation.

(h) Mediator(s) selected or agreed-upon by the Parties in connection with any attempted resolution of the litigation;

(i) Any person who authored and/or was an identified original recipient of the Confidential Material, in connection with this Litigation; or

(j) Any other Person whom the Designating Party agrees in writing may be provided with Material protected by this Protective Order or any other order of the Court.

7. The designation as "Confidential" for purposes of this Protective Order is to be made in the following manner by the Designating Party:

(a) <u>Paper Documents and Physical Exhibits</u>: Affixing the legend "Confidential" to each page containing confidential information.

(b) <u>Magnetic or Optical-Media Documents</u>: Including the designation on each image.

(c) <u>Depositions</u>: By indicating on the record at the deposition that the testimony is Confidential and to be treated in accordance with this Protective Order. In that case, the reporter is to mark the cover page of the transcript "Confidential" (or, where appropriate, particular page numbers and lines). If a designation is not marked on the record, all Parties are to treat the transcript as having been designated Confidential for a period of thirty (30) days following receipt of the transcript. During that thirty (30) day period, any Party may designate testimony as Confidential by notifying all other Parties and the court reporter in writing of the specific pages and lines to be designated.

(d) <u>Responses to Written Discovery</u>: Responses to Interrogatories under Federal Rule 33 and Requests for Admission under Federal Rule 36 containing Confidential Material shall be labeled Confidential.

(e) A Receiving Party may also designate Material received without a "Confidential" designation as Confidential by informing the Producing Party of the designation at any time after receipt of the materials, in which case, the Producing Party shall treat all such designated materials as Confidential.

8. Other than court personnel, the recipient of any Confidential Material is to maintain such Material in a secure and safe area to which access is limited, or otherwise use available methods to restrict access to Qualified Persons only. Confidential Material shall not be copied, reproduced, summarized or extracted, except to the extent that such copying, reproduction, summarization or extraction is reasonably necessary for the conduct of the Litigation. All such copies, reproductions, summaries and extractions are subject to the terms of this Protective Order, and must be labeled Confidential.

9. Before a Party files any Confidential Material (or any pleading, motion or memorandum referring to such Material) so designated by the Designating Party, counsel for the filing Party shall confer with counsel for Designating Party about how the Confidential Material should be filed. If the Designating Party requests that the Confidential Material be filed under seal, then the filing Party shall file the Confidential Materials in accordance with Local Rule 79.2.

10. Before a Party files any Confidential Material (or any pleading, motion or memorandum referring to such Material) so designated by the Designating Party, counsel for the filing Party shall confer with counsel for Designating Party about how the Confidential Material should be filed. If the Designating Party requests that the Confidential Material be filed under seal, then the filing Party shall file the Confidential Materials in accordance with Local Rule 79.2.

11. At any time after the receipt of any Material designated "Confidential," counsel for a Receiving Party may challenge the designation by providing written notice of such challenge to counsel for the Designating Party. Such notice must identify the Material that the challenging Party claims should not be given the specified confidential treatment and the reasons supporting the challenge. After notice of the challenge, the Parties are to confer and in good faith attempt to resolve the challenge. If the Parties are unable to resolve the challenge, either Party shall have 30

days after the Parties confer in which to move the Court for appropriate relief. The Designating Party bears the burden of establishing that any Material in dispute is entitled to protection from unrestricted disclosure and to such designation. All Material that a Party designates as Confidential is to be accorded such status pursuant to the terms of this Protective Order unless and until (i) the Parties agree in writing to the contrary, (ii) a determination is made by the Court as to the confidential status, or (3) neither Party has moved the Court for appropriate relief within 30 days of the date on which the Parties conferred regarding such designation.

12. The Parties are to make a good faith effort to designate Material properly at the time of production. However, inadvertent or unintentional disclosure by any Party of Material without any designation will not be deemed a waiver of a Party's claim of confidentiality, privilege, or any other protection, either as to the specific document or information contained therein, and the Parties, upon notice thereafter, are to treat such Material as Confidential, pursuant to the provisions and requirements of Paragraph 4 herein. A Receiving Party is to make a good faith effort to locate and mark appropriately any Material upon receipt of such notice. If, between the time of production and notification, the subject Material was provided by a Receiving Party to persons other than Qualified Persons as defined herein, the Receiving Party shall promptly notify all non-Qualified Persons to whom the subject Material had been disclosed of such material's Confidential designation and request that all such non-Qualified Persons return such Material to the Receiving Party or execute the Confidentiality Agreement to be bound by the terms of this Protective Order attached hereto as Exhibit A. In the event that any non-Qualified Person to whom such Material had been disclosed fails or declines to return the Confidential Material or execute Exhibit A, the Receiving Party shall promptly notify the Producing Party and not oppose any reasonable efforts by the Producing Party to retrieve the Confidential Material from the non-

Qualified Person or obtain the non-Qualified Person's agreement to abide by the terms of this Protective Order.

13. Nothing in this Order shall preclude a Party from disclosing or offering into evidence at the time of trial or during a hearing any document or information designated as Confidential, subject to the rules of evidence and any other Party's objections as to the admissibility or claims of confidentiality of the document or information. However, if a Party anticipates using or disclosing Confidential Material at a trial or during a hearing (except for purposes of impeachment), it shall give the Producing Party at least seven (7) business days' notice[1] prior to its use or disclosure to allow the Designating Party to lodge a motion to file under seal. If the Designating Party files or specifies an intent to file a motion to seal, the Party seeking to introduce the Confidential Material must do so under temporary seal, consistent with the Local Rules for the Eastern District of North Carolina, until resolution of the motion to seal. The Court may take such measures, as it deems appropriate, to protect the claimed confidential nature of the document or information sought to be admitted and to protect the Confidential Material from disclosure to persons other than those identified in Paragraph 7 and who have signed Exhibit A, where necessary, under this Order.

14. After termination of this action, including any appeals, the provisions of this Protective Order will continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains jurisdiction over the Parties and recipients of the Confidential Material for enforcement of the provisions of this Protective

---

[1] Inclusion of such a document on the trial exhibit list required by the Court's Scheduling Order shall constitute notice under this Paragraph.

Order following termination of this action, and final disposition of such Confidential Material is subject to order of this Court.

15. By stipulation, the Parties may provide for exceptions to this Protective Order, and any Party may seek an order of this Court modifying this Protective Order.

16. Nothing herein shall be construed or presented as a judicial determination that any Confidential Material so designated for protection under this Protective Order is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

Dated: June 16, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, the undersigned, hereby acknowledge that I have received and read a copy of the Protective Order ("Order") entered in *Hodge v. N.C. Dept. Public Safety et al.*, No.: 5:19-cv-478-D (hereinafter the "Action"), and understand the terms thereof and agree to be bound thereby.

I further acknowledge and understand that any documents and other information produced in the Action (*i.e.,* documents, testimony, written discovery responses and other information provided in the course of pretrial discovery and any information contained therein or derived therefrom) and designated or marked "Confidential" pursuant to the Order may not be disclosed to anyone, except as authorized by the Order, and may not be used for any purpose other than the purposes of the Action. I agree to return (or, upon request, destroy) any Confidential Material at the conclusion of the Action.

Dated: _____, 20__.

_____
Print Name

_____
Signature