# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| **MATTHEW HODGE**, *et al.*, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> **NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY** and **DIVISION OF ADULT CORRECTION AND JUVENILE JUSTICE**, <br><br> Defendants. | Civil Action No. 5:19-CV-478-D <br><br> Jury Trial Demanded <br><br> Judge James C. Dever, III |

## ORDER

Before the Court is the Stipulation and Motion for Conditional Certification and Judicial Notice to Putative Collective Members ("Stipulation and Motion"). The Court having considered the Stipulation and Motion, is of the opinion that the requested relief should be Granted.

IT IS, THEREFORE, ORDERED that:

(1) Conditional certification of the following collective is granted pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and EDNC Local Rule 7.1.:

> All current and former hourly-paid Correctional Officers and Correctional Sergeants who work or worked for the North Carolina Department of Public Safety or Division of Adult Correction and Juvenile Justice (collectively "DPS"), at any correctional facility operated by DPS from [three years before date of certification order] through the present.

(2) The form of notice, including the Notice of Pending Lawsuit to Recover Unpaid Overtime Wages ("Notice") and the Consent to Become a Party Plaintiff ("Consent") form,

attached as Exhibits A and B to the Stipulation and Motion is approved;

(3) Defendants are required to provide Plaintiffs' counsel with information from Defendants' Integrated HR-Payroll System for putative collective action members within fourteen (14) days of the date of this Order, including: : (i) first and last name and middle name or initial where available, (ii) last four digits of their social security number, (iii) date of birth, (iv) last known mailing address, and (v) all known email addresses (including personal and work addresses) (the "Opt-In List"). The Opt-In List will include all individuals who meet the Collective definition and will be transmitted to Plaintiffs' Counsel in a Microsoft Excel file;

(4) Within fourteen (14) days of receiving the Opt-In List, Plaintiffs' counsel will send or cause to be sent the Notice and Consent to each individual on the Opt-In List, other than those who have already filed a Consent to Join Form with the court, *via* U.S. Mail and email. Individuals may execute a Consent via electronic signature service "DocuSign." Plaintiffs will incur the cost of issuing the Notice; and

(5) The Parties' proposed timeline for notice is approved. The time-period for opting into this action will be sixty (60) days from the date that Plaintiffs' counsel mails the Notice and Consent. Each putative Collective member wishing to join the case must transmit electronically (in the case of a Consent completed via DocuSign or returned by facsimile or email) or post-mark (in the case of a Consent completed in hardcopy) their own executed Consent before the expiration of the Notice Period.

SO ORDERED, This __8__ of September, 2020

JAMES C. DEVER III
United States District Judge