# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### Western Division

| | |
|---|---|
| MATTHEW HODGE, DAVID HOLBROOK, PHILIP KAY, JACOB FRANCKOWIAK, and RALPH BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF ADULT CORRECTION,<br><br>Defendant. | No. 5:19-CV-478-D<br><br>Judge James C. Dever, III |

## ORDER APPROVING THE FORM AND MANNER OF CLASS NOTICE

WHEREAS, by Order dated February 8, 2024 (DE 116), the Court certified the above-captioned action (the "Action") to proceed as a class action;

WHEREAS, Court-appointed Class Representatives Matthew Hodge, David Holbrook, Philip Kay, Jacob Frankowiak, and Ralph Brown (collectively, "Class Representatives") have moved for, and Defendant does not oppose, the entry of an order approving the proposed form and content of notices of pendency to be disseminated to the Class, as well as the proposed methods for dissemination of these notices (the "Notice Order"); and

WHEREAS, the Court has reviewed the proposed notices submitted by Class Representatives and has found good cause for entering the following Notice Order;

NOW, THEREFORE, it is ordered as follows:

1. The Court approves the form, substance, and requirements of the notices attached hereto as Exhibits 1-3 (collectively, "Class Notice").

2. The proposed form and content of the Class Notice meets all of the requirements of Fed. R. Civ. P. 23(c)(2)(B), as it clearly and concisely states in plain and easily understood language the following: (a) the nature of the Action; (b) the definition of the certified Class; (c) the Class claims, issues, or defenses; (d) a Class member's right to enter an appearance through an attorney if the member so desires; (e) a Class member's right to be excluded from the Class; (f) the time and manner for requesting exclusion; and (g) the binding effect of a judgment on Class members under Fed. R. Civ. P. 23(c)(3).

3. The Class Notice, and methods and schedule set forth below for notifying the Class of the pendency of the Action as a class action, meet the requirements of Rule 23 and of due process, constitute the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons and entities entitled thereto.

4. The Court approves the retention of RG/2 Claims Administration, LLC, as the notice administrator (the "Administrator").

5. No later than 14 days after entry of this Notice Order, North Carolina Department of Adult Correction ("Defendant") shall, provide or cause to be provided to the Administrator, in electronic format, the Class List, comprising *inter alia* the names, email addresses, and physical mailing addresses of each class member within the definition of the certified class.

6. No later than 30 days after entry of this Notice Order (which shall be the "Notice Date"), the Administrator shall cause the Postcard Notice, substantially in the form attached as Exhibit 2 to Plaintiffs' Motion, to be mailed via first-class mail, postage prepaid, and emailed to all potential Class members.

7. By the Notice Date, the Administrator shall establish a website for the Action from which Class members may download copies of the Long-Form Notice, substantially in the form attached to the Motion as Exhibit 3; the operative Complaint; the Court's order certifying the Class; and this Notice Order.

8. Class members shall be bound by all determinations, orders, and judgments in this Action, whether favorable or unfavorable, unless such persons or entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class member wishing to make such a request shall submit the request in written form by mail to the address designated in the Long-Form Notice, postmarked no later than 60 days after the Notice Date. Such request for exclusion must:

> a. state the name, address, telephone number, and email address (if available) of the person or entity requesting exclusion;
>
> b. state that the Class member desires to be excluded from the class action *Hodge et al v. North Carolina Department of Adult Correction*, 5:19-cv-478; and
>
> c. be signed by the person or entity requesting exclusion or an authorized representative.

The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

9. Within 30 days following the expiration of the exclusion deadline, Class Counsel shall file with the Court proof of dissemination and publication of the Class Notice and an affidavit setting forth a list of all persons and entities who have validly and timely requested exclusion from the Class.

10. Plaintiffs shall bear the costs of the notice program set forth above, and Defendants shall have no responsibility for or involvement in the same except where indicated.

11. This Notice Order may be modified by the Court upon motion by either or both parties for good cause shown.

SO ORDERED. This the 27 day of March, 2024.

                                                       JAMES C. DEVER III
                                                      United States District Judge