IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-478-BO

MATTHEW HODGE, *et al.*, )
individually and on behalf of all others )
similarly situated, )
 )
Plaintiffs, )
 ) O R D E R
v. )
 )
NORTH CAROLINA DEPARTMENT OF )
ADULT CORRECTION, )
 )
Defendant. )

This matter comes before the Court on defendant's motion for leave to file an interlocutory appeal. [DE 162]. Plaintiffs responded in opposition [DE 164] and defendant replied [DE 165]. In this posture, the motion is ripe for disposition. For the following reasons, the motion is denied.

BACKGROUND

The Court dispenses with a full recitation of the background of this matter and incorporates by reference as if fully set forth herein the factual and procedural background of this matter outlined in its summary judgment order of March 2, 2026. [DE 158]. That order granted partial summary judgment to plaintiffs on the issue of liability, finding that because the correctional officers employed by defendant had a principal job duty of remaining vigilant and prepared to respond to emergencies any time they were inside the prisons, the time spent in the prisons is compensable under the FLSA. *See id.*

Defendant now moves the Court to certify that ruling for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff opposes certification.

<u>DISCUSSION</u>

Courts may certify interlocutory orders for appeal when they "involve[] a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b); *see also In re Pisgah Contractors, Inc.*, 117 F.3d 133, 136–37 (4th Cir. 1997). A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, *5 (4th Cir. 1989) (unpublished). Additionally, certification of an interlocutory appeal is "appropriate where 'the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 341 (4th Cir. 2017) (citation omitted).

The requirements of § 1292(b) are to be strictly construed, *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989), and, even if the requirements are satisfied, a district court retains discretion to decline to certify an interlocutory appeal. *See State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995). The moving party bears "the burden of persuading the court that 'exceptional circumstances justify a departure'" from the general policy against piecemeal appeals. *Id.* at 853.

The Court finds defendant has not established that this is an exceptional case where an interlocutory appeal is justified. "A controlling issue of law must dispose of the litigation no matter how it is resolved, and 'a question of law would not be controlling if the litigation would necessarily continue regardless of how that question were decided.'" *In re Camp Lejeune Water Litig.*, No. 7:23-CV-897, 2024 WL 2198651, at *2 (E.D.N.C. May 13, 2024) (quoting *Wyeth v.*

2

*Sandoz, Inc.*, 703 F. Supp. 2d 508, 525 (E.D.N.C. 2010)). While the appeal might result in a wholesale reversal and grant of summary judgment for defendant, it might just as well result in remand for a trial on liability, in which case defendant would need to make the same updated damages disclosures it was directed to provide in the Court's summary judgment order. An appeal will not completely dispose of this litigation "whichever way it goes." *Fannin*, 873 F.2d at *5.

This case has been pending for more than six years and is nearing conclusion. The Court agrees with plaintiffs that an interlocutory appeal at this stage would not materially advance the ultimate termination of this litigation. The parties can ably resolve their remaining disputes and the entire case can be appealed once final judgment has been entered. In sum, the Court is not persuaded that this case presents an exception to the general rule that requires entry of a final decision prior to appellate review. *See Cobbledick v. United States*, 309 U.S. 323, 324 (1940). Defendant's motion to certify and amend the Court's partial summary judgment for interlocutory appeal is, therefore, denied.

## CONCLUSION

For the foregoing reasons, defendant's motion for leave to file an interlocutory appeal [DE 162] is DENIED.

SO ORDERED, this ___ day of June 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3